■ ANN SCROLL, Respondent-Appellant, v COMMERCIAL TRADING Co., INC., Appellant-Respondent.—Judgment of the Supreme Court, Bronx County, entered January 3, 1975, unanimously reversed, on the law and the facts, and the complaint dismissed, without costs and without disbursements. Adopting plaintiff's view of the facts, plaintiff still failed to establish a cause of action. At most, the evidence at trial established an agreement to make a lease rather than the execution of a lease *(Raisin v Shoemaker,* 238 NY 630). Plaintiff negotiated with defendant concerning property in Elmsford, New York, as a summer day camp. Although she learned that the purchase price of the property was $175,000, she was told that defendant would be willing to give a limited lease for June, July and August, 1969 at $2,000 monthly with an option to plaintiff to buy. There was no discussion concerning any security deposit to be made nor was there agreement as to the procurement of such liability insurance as plaintiff would be required to carry. It is apparent that all the terms of a lease were not finalized, and a formal lease was to be executed, which would then assure the lessee a right to possession of the said premises *(Arnold v Rothschild's Sons Co.,* 37 App Div 564, affd 164 NY 562; see 33 NY Jur, Landlord and Tenant, § 17). On plaintiff's own testimony, she received access to the property but only for the purpose of inspection and for determination of the extent of repairs which might be required for its use as a summer day camp. It is noted that a serious question was evident to the parties as to whether existing zoning permitted the contemplated use of said premises by plaintiff. The conclusion was not warranted that plaintiff was given possession of the premises *in praesenti* for the purpose for which the lease was intended. Plaintiff's claimed loss of profits (even if calculable) for the summer camping season and her expenditures for printing, advertising, mailing and relocation of camp equipment to the premises herein in preparation for said season cannot in these circumstances be charged to the defendant. Concur—Kupferman, J. P., Birns, Capozzoli, Lane and Yesawich, JJ.